435 EAST BROADWAY REALTY INC., Appellant, v. SUN GLEN FARMS, Respondent. 435 EAST BROADWAY REALTY INC., Appellant, v. MERIT FARMS, INC., Respondent.— By an instrument dated September 10, 1952, appellant obtained a twenty-one-year leasehold of an entire building, consisting of apartments and stores, in the borough of Brooklyn. Said agreement provided that the owner had the right to terminate the lease in case of default by appellant, or its failure to comply with any government requirement, or its insolvency. Respondents are two statutory tenants who occupy two separate, adjoining stores, each at an annual rental less than $3,000. On September 23, 1952, appellant leased both of said stores, as an assembled store unit, to a third party for a term of more than ten years, at a rental of $10,000 a year plus 7% of the gross sales in any lease year in which said sales exceeded a specified sum. This lease is noncancelable, except for violation of any term or obligation thereof or for failure to deliver possession as therein provided. Appellant, as landlord, brought separate, simultaneous summary proceedings in the Municipal Court of the City of New York, Borough of Brooklyn, against both said statutory tenants, to recover possession of said adjoining stores so that it might give occupancy thereof as an assembled store unit pursuant to the aforesaid lease. After trial before the court without a jury, a final order in favor of the

landlord was granted in each case. Upon appeal, the Appellate Term reversed and dismissed the petitions, on the ground that a landlord has no right under the statute to evict a tenant paying less than $3,000 a year, whether for the purpose of leasing the premises to another as a single unit or as part of a larger, assembled unit. The appeals are by the landlord, by permission of this court, from the two orders entered thereon. Orders of the Appellate Term reversed on the law, with costs in this court and in the Appellate Term, and final orders of the Municipal Court reinstated. Under its lease with the owner of the fee, appellant is entitled to receive the rents of the premises in question, hence it may prosecute these proceedings as landlord. (Business Rent Law, § 2, subd. [d], as amd. by L. 1953, ch. 452.) The lease between appellant and the third party is noncancelable within the meaning of the applicable statute, regardless of the cancellation terms of the leasehold agreement between appellant and the owner of the fee; and where two or more stores are sought to be assembled into a single store unit for an annual rental of $10,000 or more, statutory tenants may be removed thereunder regardless of the amount of emergency rent paid by each, and the landlord is not required to make a prior offer of such unit to the statutory tenants in possession. (Business Rent Law, § 8, subd. [k], as amd. by L. 1953, ch. 452.) Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur. [See *post,* p. 735.]